UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-02550 DMG (AGRx)** | Date | May 19, 2011 |

| | | | |
|---|---|---|---|
| Title | ***David Wood, et al. v. Wells Fargo Bank, N.A., et al.*** | Page | 1 of 3 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—AMENDED ORDER DISMISSING ACTION; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AGAINST DEFENDANT NDEX WEST**

On February 18, 2011, Plaintiffs David and Jane Alice Wood filed a complaint in Los Angeles County Superior Court against Defendants Wells Fargo Bank, N.A., NDEx West LLC, and Does 1 through 50. On March 25, 2011, Wells Fargo removed the action to this Court on the basis of diversity of citizenship, 28 U.S.C. § 1332. Wells Fargo filed a motion to dismiss on April 15, 2011 [Doc. #8].

Local Rule 7-9 requires parties to file either an opposition to a motion or a statement of non-opposition. A party's failure to file any required paper "may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

Plaintiffs' opposition was due on May 2, 2011, *i.e.*, 21 days prior to May 23, 2011, the date currently set for hearing. *See* C.D. Cal. L.R. 7-9. Plaintiffs did not file an opposition. Accordingly, the Court grants Wells Fargo's motion to dismiss.

Wells Fargo's motion is also granted on the merits. Plaintiffs claim that Defendants failed to notify them at least 30 days before recording a notice of default on their deed of trust in violation of California Civil Code § 2923.5. (Compl. ¶¶ 8-9, 11-12.) Plaintiffs allege that Defendants are now in the process of foreclosing on their residence. (*Id.* ¶ 10.) Plaintiffs assert that Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, and seek declaratory and injunctive relief to prevent foreclosure.

Wells Fargo contends, *inter alia*, that Plaintiffs are barred by judicial estoppel from pursuing this action. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1033 n.5 (9th Cir. 2009) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270

F.3d 778, 782 (9th Cir. 2001)). It typically applies when "a party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled." *Reed Elsevier, Inc. v. Muchnick*, __U.S. __, 130 S.Ct. 1237, 1249, 176 L.Ed.2d 18 (2010) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)) (internal quotation marks omitted).

The purpose of judicial estoppel is "to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). It "applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion." *Id.* (quoting *Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997)). In determining whether to apply judicial estoppel, a court considers three factors:

> (1) whether a party's later position is "clearly inconsistent" with its original position; (2) whether the party has successfully persuaded the court of the earlier position; and (3) whether allowing the inconsistent position would allow the party to "derive an unfair advantage or impose an unfair detriment on the opposing party."

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1148 (9th Cir. 2011) (quoting *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008)).

Wells Fargo argues that Plaintiffs are judicially estopped from raising their claims against it now because they failed to list these claims as an asset of their bankruptcy estate, to which Wells Fargo was a creditor. (Mot. at 2-4.) The Ninth Circuit has applied judicial estoppel in the bankruptcy context to prevent plaintiffs from asserting relevant claims that they failed to disclose during bankruptcy proceedings. *See, e.g.*, *Dunmore v. United States*, 358 F.3d 1107, 1113 n.3 (9th Cir. 2004) (noting that the plaintiff's "prior omission of his tax refund claims during his Chapter 7 bankruptcy would ordinarily act as judicial estoppel against his asserting those very same claims against the Government"); *Hamilton*, 270 F.3d at 785 (invoking judicial estoppel to prevent debtor—who had "an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*"—from pursuing an undisclosed claim following his discharge from bankruptcy).

NDEx West filed the notice of default on April 20, 2010. (Compl., Ex. A.) Plaintiffs filed a Chapter 7 bankruptcy on June 22, 2010 (Wells Fargo's Request for Judicial Notice ("RJN"), Ex. G), and received a discharge on November 22, 2010 (RJN, Ex. H). In Schedule D

of their bankruptcy schedules, Plaintiffs listed Wells Fargo's predecessor, World Savings Bank, FSB, as a creditor holding a secured claim but did not indicate that they disputed the claim. (RJN, Ex. I.) Plaintiffs also did not list their claims based on the mortgage in Schedule B, which required them to list "counterclaims of the debtor and rights to set off claims" and "other personal property of any kind not already listed." (RJN, Ex. J.)

On the evidence presented, the Court finds that (1) Plaintiffs' position is "clearly inconsistent" with their earlier position; (2) Plaintiffs successfully discharged their debts in the bankruptcy action; and (3) Plaintiffs would derive an unfair advantage if not estopped. Having obtained relief through the discharge of their debt in the bankruptcy proceeding, it would be inequitable to allow Plaintiffs to proceed in the instant matter.

In light of the foregoing, Wells Fargo's motion to dismiss is **GRANTED** and Plaintiff's claims against Wells Fargo are **DISMISSED** with prejudice. Plaintiff is hereby **ORDERED TO SHOW CAUSE** why his claims against Defendant NDEx West should not also be dismissed on judicial estoppel grounds. Plaintiff shall file his response no later than **May 26, 2011**. Failure to file a timely response shall be deemed to be consent to the dismissal of all claims against Defendant NDEx West.

**IT IS SO ORDERED.**